Middleton, J.
The first and most important question to be answered is whether the respondent Director of Liquor Control had the power to issue a valid permit to relatrix on October 17, 1951. If he did not have such power the class D-5 permit, certificate No. 21509, was null and void and no right to operate under it ever accrued to relatrix.
By Section 6064-7, General Code, the Director of Liquor Control is empowered to exercise and perform the duties vested in the Department of Liquor Control. This includes the issuance of permits. The power of the director is limited by the powers and duties of the Board of Liquor Control as set forth in Section 6064-3, General Code. In the latter section (subsection 1 [b]) the board is given broad power to adopt rules and regulations including “rules and regulations with reference to applications for and the issuance of per-' mits, for the * * * sale of beer and intoxicating liquor, and the sale of alcohol, subject to the provisions of the Liquor Control Act and amendments thereof.”
It is obvious that the board has no power to adopt rules which are not consistent with specific statutory provisions.
Section 6064-20, General Code, which relates to the issuance of permits, provides:
“Each class and kind of permit issued under authority of the Liquor Control Act shall authorize the *254 person therein named to carry on the business therein specified at the place * * * therein described, for a period of one year commencing on the day after the date of its issuance, and no longer * * *; and no such permit shall be deemed to authorize the person named therein to carry on the business therein specified at any place * * * other than that named therein * * *.” (Emphasis supplied.)
Section 6064-20, General Code, requires that each permit be issued for operation at a specified location. By inference it forbids issuance of a license to a person to operate generally in an area such as a city or county. Rule 16 can not authorize that which Section 6064-20, General Code, forbids.
We do not condemn rule 16 as a whole. It doubtless serves a useful purpose. It simply can not be applied to the facts of this case. Here the relatrix lost her lease and did not acquire a new lease of the same premises until after her permit had expired. At the time of the purported renewal, October 17, 1951, she could not be issued a license to operate at a specified location and therefore the director was without power to issue a license to her.
The second question is whether the relatrix has the right to have certificate No. 21509 or any D-5 permit issued to her for 5801 Clark avenue without notice to the church and school and opportunity of the church and school to be heard.
In view of what we have said above, the relatrix can not base any claim of right to a permit upon the issuance or existence of certificate No. 21509.
This would decide the entire controversy except for one contingency. It is suggested that the Department of Liquor Control could and should at least consider the request of relatrix for “return” of her permit as an application for a D-5 permit for 5801 Clark avenue. We do not undertake to decide whether the department *255 should so construe and consider the application. We do say that if the request of relatrix for “return” of the permit is to be considered as an application for a new permit it would be necessary for the director to comply with the provisions of Section 6064-16, General Code, which require notice to the church and school and full hearing upon objections if filed. The position taken by the respondent is justified.
For the reasons stated, we hold that the answer of respondent states a defense. Both the motion of the relatrix to strike from the answer and the demurrer to the answer are overruled, and, the parties not desiring to plead further, a writ of mandamus is denied.

Judgment accordingly.

Weygandt, C. J., Zimmerman, Stewart, Taft, Matthias and Hart, JJ., concur.